IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2020

**STATE OF TENNESSEE v. TITUS AVERY BRITTAIN**

**Appeal from the Circuit Court for Hardeman County**
**No. 18-CR-71       J. Weber McCraw, Judge**

_____

**No. W2019-01249-CCA-R3-CD**

_____

The pro se Defendant, Titus Avery Brittain, appeals the trial court's denial of his motion for pretrial jail credits. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Titus Avery Brittain, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Caitlin Smith, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

This case apparently arises out of the Defendant's participation with fellow prison inmates in a March 4, 2016 attack of another inmate at a Hardeman County prison. On May 7, 2018, the Hardeman County Grand Jury returned an indictment charging the Defendant and four co-defendants with aggravated assault. On August 27, 2018, the Defendant pled nolo contendere in the Hardeman County Circuit Court to one count of aggravated assault and was sentenced by the trial court as a Range I standard offender to three years at thirty percent release eligibility to be served concurrently to his Tennessee Department of Correction sentence in another case. In the concurrent box of the judgment form in the instant case is the notation "TDOC," without the case number or the length of that sentence. The Defendant's petition for acceptance of his guilty plea, however, contains

the hand-written notation that the three-year sentence in the instant case is to be served concurrently with case number "2009B1769." There are no pretrial jail credits listed on the judgment in the instant case or on the petition for acceptance of the guilty plea.

On May 31, 2019, the Defendant filed a "Motion to Receive Time Credits and Memorandum of Law" in which he alleged that he had not received proper pretrial jail credits toward his aggravated assault sentence in the instant case. Specifically, he argued that because his sentence was ordered to be served concurrently to the three-year-sentence he was serving in another aggravated assault case, case number 2009B1769, and that the second three-year sentence had expired, "then it should be clear that the 3[-]year sentence [in the instant case] has also expired and [the Defendant] is entitled to immediate release from State custody."

On June 10, 2019, the trial court entered an order denying the motion on the grounds that it had no jurisdiction over the case. Among other things, the court noted that the Defendant did not have any pretrial jail credits in Hardeman County and that any questions regarding parole or sentence credits had no bearing on the validity of the Defendant's conviction. On July 5, 2019, the Defendant mailed from the prison his notice of appeal, which was filed on July 12, 2019.

## ANALYSIS

The Defendant's argument on appeal differs from his argument in his motion to the trial court. [1] As we understand his argument before this court, the Defendant believes he is entitled to jail credits toward his three-year-sentence in the instant aggravated assault case because as a result of the instant offense, he was transferred from the Hardeman County Correctional Facility in Whiteville to the Hardeman County Jail to be "street charged with the offense of aggravated assault by T.D.O.C. officials[,]" before being returned to state prison, where he was issued a disciplinary infraction report and punished. Afterwards, he was "transferred to several other state operated facilities until he was [i]ndicted in Hardeman County by TDOC State prison officials." Under the Defendant's reasoning, the trial court was required pursuant to Tennessee Code Annotated section 40-23-101 to award him pretrial jail credits toward the sentence in the instant case because the time he spent in the Hardeman County Jail and various "other state operated facilities" arose out of the instant offense.

---

[1] We note that that "[i]t is well-settled that an appellant is bound by the evidentiary theory set forth at trial, and may not change theories on appeal." State v. Alder, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). Doing so generally results in waiver of the issue on appeal. State v. Michael Jason Vance, No. M2011-02469-CCA-R3-CD, 2013 WL 6001954, at *15 (Tenn. Crim. App. Nov. 12, 2013), perm. app. denied (Tenn. Apr. 10, 2014).

The State responds by arguing that the trial court properly found that it had no jurisdiction, as the judgment has long since become final. The State additionally argues that the Defendant has no appeal as of right from a trial court's denial of a motion for jail credits and, further, that even if the motion were liberally treated as a petition for writ of habeas corpus or a Rule 36.1 motion to correct an illegal sentence, the Defendant is not entitled to relief.

As an initial matter, we agree with the State that construing the motion as a Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence or as a petition for writ of habeas corpus does not afford the Defendant any relief, as the arguments the Defendant raises about his alleged failure to receive proper pretrial jail credits do not rise to the level of a colorable claim for either habeas corpus or Rule 36.1 relief. See Anderson v. Washburn, --- S.W.3d ---, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. 2019); State v. Brown, 479 S.W.3d 200, 212 (Tenn. 2015). We disagree, however, with the trial court's conclusion that it lacked jurisdiction over the motion and with the State's contention that this court lacks jurisdiction over the appeal. Although the trial court generally lacks jurisdiction to modify a sentence after the judgment is final and the defendant has been transferred to the Department of Correction, see Tenn. Code Ann. § 40-35-212(c)(d)(1), the trial court may correct clerical errors in a judgment at any time. Rule 36 of the Tennessee Rules of Criminal Procedure provides:

> After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. Upon filing of the corrected judgment or order, or upon the court's denial of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36. The failure to award proper pretrial jail credit is the type of clerical error encompassed by the rule. "Failure to award pretrial jail credits is a clerical error." State v. Ashley Carver, No. W2019-01727-CCA-R3-CD, 2020 WL 2499940, at *2 (Tenn. Crim. App. May 14, 2020) (citing Brown, 479 S.W.3d at 213). We, thus, conclude that the trial court had jurisdiction over the motion.

The record in this case is sparse, making it impossible for this court to determine whether the Defendant had pretrial jail credits that were not accurately reflected on his judgment. In its order, however, the trial court specifically found that the Defendant did not have any pretrial jail credits in Hardeman County. Unlike this court, the trial court presumably had a record before it that enabled it to make such a determination. It is the Defendant's duty to prepare an adequate record on appeal. Tenn. R. App. P. 24 (a); Tenn. R. Crim. P. 36, advisory comm'n comments. When the record is inadequate for review,

we presume that the ruling of the trial court is correct. <u>See</u> <u>State v. Oody</u>, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).  Accordingly, we affirm the judgment of the trial court denying the motion.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE